IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN RAQUET,<br>          **Plaintiff,** | CIVIL ACTION |
| v. | |
| ANDREW SAUL,<br>**Commissioner of Social Security**<br>**Administration,**<br>          **Defendant.** | NO. 19-2966 |

DuBOIS, J.                                                                                                   July 8, 2021

**M E M O R A N D U M**

I.      **INTRODUCTION**

In this action, plaintiff Stephen Raquet seeks review of the final decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying his claim for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). The denial was based on the decision of an Administrative Law Judge ("ALJ") that plaintiff is not disabled under the SSA.

By Order dated December 11, 2019, the Court referred the case to United States Magistrate Judge Henry S. Perkin for a Report and Recommendation ("R & R"). On November 23, 2020, Magistrate Judge Perkin issued an R & R recommending that plaintiff's Request for Review be denied.[1] Presently before the Court are plaintiff's Objections to the R & R. For the reasons that follow, the Court approves and adopts the R & R, overrules plaintiff's Objections, and denies plaintiff's Request for Review.

---

[1] Plaintiff filed a Brief and Statement of Issues in Support of His Request for Review (Document No. 11, filed November 7, 2019) but did not file a separate Request for Review. The Court construes the Brief as a Request for Review.

## II.    BACKGROUND[2]

Plaintiff protectively applied for DIB on March 22, 2018 for a disability allegedly beginning on February 6, 2018.[3]  Admin. R. ("R.") at 10.  After his application was denied on June 22, 2018, plaintiff requested a hearing before an ALJ, which was held on January 2, 2019. *Id.*  In a decision dated January 29, 2019, the ALJ concluded that plaintiff was not disabled under the SSA. *Id.* at 27.  In so concluding, the ALJ found, *inter alia*, that (1) "[t]he claimant has the following severe impairments: post traumatic stress disorder ("PTSD"), depression, anxiety, attention deficit hyperactive disorder ("ADHD"), corn formation of the distal-lateral left fifth toe with hammer toe deformity, residuals of a right fifth metatarsal fracture including tenosynovitis, and bilateral knee arthritis by report"; and (2) "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id.* at 13-14.

The Appeals Counsel denied plaintiff's Request for Review on May 6, 2019, and the ALJ's determination was thus affirmed as the Commissioner's final decision.  Request for Review, 1.  On July 9, 2019, plaintiff commenced this action pursuant to 42 U.S.C. § 405(g), seeking review of the Commissioner's final decision.

## III.   APPLICABLE LAW

After a magistrate judge submits a report and recommendation to the court, a party may serve and file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72.  Those objections "shall specifically identify the portions of the proposed findings,

---

[2] The Background of this case is set forth in detail in Magistrate Judge Perkin's R & R and is recited in this Order only as necessary to address the plaintiff's Objections.
[3] It is undisputed that plaintiff meets the insured status requirements of the SSA through December 31, 2022, and is not entitled to benefits during that period. *See* R. at 12.  The claim asserted in this case relates to benefits beginning January 1, 2023.

recommendations or report to which objection is made and the basis for such objections." E.D. Pa. R. 72.1(IV)(b). Generalized objections will not suffice. *Palmer v. Apfel*, 955 F. Supp. 549, 552 n.4 (E.D. Pa. 1998). A district court then evaluates *de novo* those portions of a magistrate judge's report and recommendation to which the objections are made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). However, a district court need not review *de novo* objections repeating identical arguments the party has already raised. *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *2 (E.D. Pa Oct. 19, 2011) ("In other words, an objecting party must identify specific errors in the magistrate judge's analysis without simply rehashing arguments already raised to the magistrate judge."). Further, a party may not raise an entirely new issue for the first time in his objections to the magistrate judge's R & R; those issues not raised in a party's opening brief are waived. *Jimenez v. Barnhart,* 46 F. App'x 684, 684 (3d Cir. 2002) (citing *Laborers' Int'l Union of N.A. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1998)).

A district court's review of the Commissioner's final decision is limited to determining whether the denial of benefits "is supported by substantial evidence on the record as a whole" and whether the correct legal standards were applied. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 359 (3d Cir. 2004). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Although substantial evidence is more than a mere scintilla, it need not rise to the level of a preponderance." *Id.* at 359-60 (quoting *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003)).

Disability claims are evaluated using a "five-step sequential evaluation" of whether a claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment that

meets or equals the requirements of a listed impairment; (4) can perform past relevant work; and (5) if not, can perform other work in view of her residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520, 416.920; *see McCrea*, 370 F.3d at 360. In deciding a disability claim, "an ALJ must clearly set forth the reasons for his decision. Conclusory statements that a condition does not constitute a medical equivalent of a listed impairment are insufficient. The ALJ must provide a discussion of the evidence and an explanation of reasoning for his conclusion to sufficiently enable meaningful judicial review." *Diaz v. Comm'r of Soc. Sec.*, 577 F. 3d 500, 504 (3d Cir. 2009) (citations omitted). However, the ALJ "need not employ particular magic words[,] . . . particular language[,] or adhere to a particular format in conducting [the] analysis." *Id.* (quotation marks omitted).

For claims filed after March 27, 2017, the ALJ is not required to give any "specific evidentiary weight, including controlling weight, to any medical opinion." 20 C.F.R. § 416.920c(a). Additionally, the ALJ is not required to provide any analysis regarding a disability decision made by any other governmental agency. 20 C.F.R. § 404.1504. The ALJ is required, however, to "consider all of the supporting evidence underlying the other governmental agency's" decision. *Id.*

IV. **DISCUSSION**

Plaintiff filed four Objections to the R & R. Plaintiff argues that (1) the R & R was incorrect in "imply[ing]" that the only issue before the Court was whether the Commissioner's final decision was supported by substantial evidence, Objections, 2; (2) the ALJ did not reasonably explain her finding that plaintiff does not meet or medically equal the relevant Listings of Impairments, *id.*; (3) the ALJ rejected medical opinion evidence of plaintiff's treatment providers without reasonable explanation, *id.* at 7; and (4) the ALJ erred by failing to

properly address the Department of Veterans Affairs' ("VA") determination that plaintiff is "100-percent" disabled due to his PTSD alone, *id.* at 10. Plaintiff raised Objections two through four in his Request for Review, and in his Objections he argues that the magistrate judge did not address his arguments in the R & R. The Court addresses each objection in turn.

### A. Plaintiff's First Objection

Plaintiff first objects to the R & R's "statement and application of the standard of review." Objections, 1. The R & R lists the alleged legal errors plaintiff asserts that the ALJ made, then states, "The issue before this Court, however, is whether the Commissioner's final decision of 'not disabled' should be sustained as being supported by substantial evidence." R & R, 3. Plaintiff argues that the use of the word "'however' implies that the [legal] issues [he] raised are improper." Objections, 2.

Plaintiff is correct that a court's review of the Commissioner's final decision includes *de novo* review of legal issues. *McCrea*, 370 F.3d at 359. However, the Court concludes that Magistrate Judge Perkin properly applied this standard to plaintiff's claims.

Plaintiff's claims in his Request for Review challenge the way in which the ALJ weighed the evidence in his case. With respect to each claim, the magistrate judge reviewed in the R & R the standards that the ALJ applied in considering the evidence and concluded that the ALJ applied the proper standards. *See* R & R, 6 ("In this case, the record reflects that the ALJ considered these impairments in combination."); R & R, 12 ("The ALJ treated the medical opinions appropriately."); and R & R, 19-20 (concluding that "[t]he ALJ acknowledged the VA's 100% disability rating of Plaintiff and discussed this rating in comparison with other medical evidence in the record" and "explained why she afforded limited weight" to the VA's rating).

The Court concludes that Magistrate Judge Perkin properly applied *de novo* review of legal issues in the R & R. Accordingly, plaintiff's first Objection is overruled.

### B. Plaintiff's Second Objection

Plaintiff next argues that, in his Request for Review, he claimed the ALJ did not reasonably explain her finding that plaintiff does not meet or medically equal the relevant Listings of Impairments, and Magistrate Judge Perkin did not address this claim in the R & R. The Court concludes the R & R fully addressed plaintiff's arguments as to this claim, and the Court is in complete agreement with the analysis in the R & R.

First, plaintiff argued in his Request for Review that the ALJ was "playing doctor" when she "interpreted [ ] raw medical data" in finding that plaintiff has normal joint spaces, alignment, and bone density in his knees. Request for Review, 3. The R & R addressed this argument by explaining that the ALJ's conclusions are "supported by substantial evidence." R & R, 5.

Second, plaintiff argued in his Request for Review that the ALJ's opinion was internally inconsistent because the ALJ found that plaintiff could not walk a block on rough or uneven surfaces but that plaintiff was able to ambulate effectively. Request for Review, 4. The R & R addressed this argument by explaining that the issue was moot, given that plaintiff has not shown that he meets or medically equals a separate element of Listing 1.02—medical imaging showing evidence of joint narrowing, bony destruction, or ankylosis of the affected joints—and that the elements of Listings are conjunctive. R & R, 5.

Third, plaintiff argued in his Request for Review that the ALJ failed to consider his physical and mental impairments in combination when she concluded that he did not meet or medically equal a Listing. The magistrate judge noted in the R & R that the ALJ did not explain her analysis but nonetheless concluded that the ALJ properly considered all of plaintiff's

disabilities based on her questioning of a vocational expert at the hearing. R & R, 6. Plaintiff's Objections challenge the magistrate judge's reliance on the vocational expert's testimony to explain what the ALJ considered. Objections, 5.

The magistrate judge's analysis was proper. When an ALJ fails to explain the evidence she considered, a reviewing court is permitted to look to the record—including the ALJ's questioning of a vocational expert—to determine whether the ALJ considered all relevant evidence. *Williams v. Barnhart*, 87 F. App'x 240, 243 (3d. Cir. 2004); *Reichelle v. Berryhill*, Civ. A No. 17-4995, 2018 WL 5784555, at *2 n.1 (E.D. Pa. Nov. 5, 2018). Magistrate Judge Perkin did so in this case and explained his review in the R & R. R & R, 5-7.

Fourth, in his Request for Review, plaintiff asks the Court to reconsider the ALJ's decision, and he renews this request in his Objections, arguing that the ALJ's decision is "unreasonable on its face." Request for Review, 5; Objections, 5-7. The Court's review of the factual issues is limited to determining whether the ALJ's decision "is supported by substantial evidence on the record as a whole" *McCrea*, 370 F.3d at 359. Magistrate Judge Perkin conducted that review in this case, concluding that the ALJ's decision was supported by substantial evidence. R & R, 4-7.

The Court concludes that the ALJ's decision in this case was supported by substantial evidence. R & R, 4-7. Accordingly, plaintiff's second Objection is overruled.

### C. Plaintiff's Third Objection

Plaintiff objects to the ALJ's analysis of opinion evidence from Brooke Crichlow, Psy.D., David Springer, M.D., and Barbara Gibbons, L.C.S.Q., his treatment providers. In his Request for Review, plaintiff argued that the ALJ rejected the medical opinion evidence without reasonable explanation. In his Objections, plaintiff argues that the R & R did not address his

7

arguments. The Court disagrees with plaintiff on this issue. The R & R fully addressed plaintiff's arguments, and the Court is in complete agreement with the analysis in the R & R.

With respect to the opinion of David Springer, M.D., plaintiff argues that the ALJ should have afforded Dr. Springer's opinions greater weight as a treating psychiatrist. Request for Review, 6; Objections, 7. In the R & R, Magistrate Judge Perkin explained that, for DIB claims filed after March 27, 2017, such as that asserted by plaintiff, the ALJ was not required to give "specific evidentiary weight, including controlling weight, to any medical opinion." 20 C.F.R. § 416.920c(a). Rather, the ALJ was required to weigh the medical evidence based on several factors, including consistency and supportability, and address those two factors in her written opinion. 20 C.F.R. § 416.920c. Accordingly, plaintiff's assertion that the ALJ should have afforded Dr. Springer's opinion greater weight as a treating psychiatrist is incorrect. *McAdams v. Saul*, No. 20-cv-1905, 2021 WL 1534541 (E.D. Pa. Apr. 19, 2021). The magistrate judge correctly concluded in the R & R that "the ALJ properly addressed the medical opinions and cited substantial evidence" to support her findings. R & R, 17.

With respect to the joint report by Dr. Springer and Barbara Gibbons, L.C.S.Q., plaintiff argues the ALJ rejected the medical opinion evidence based on her own lay medical judgment and on differences between the evidence and other treatment records that do not consider the stresses that accompany the work setting. Request for Review 8-9; Objections, 7-8. The magistrate judge reviewed in the R & R the ALJ's findings, including a detailed review of the medical opinion evidence, and concluded that the ALJ's treatment of the evidence was appropriate under the governing regulations. R & R, 12-14. The Court is in complete agreement with the R & R on this issue.

With respect to the opinion of Brooke Crichlow, Psy. D., plaintiff argues that (1) the ALJ improperly assessed plaintiff's credibility in rejecting Dr. Crichlow's opinion, (2) the ALJ improperly rejected the opinion based on her own lay medical judgment, and (3) the ALJ's finding that plaintiff is capable of a wider range of social functioning than Dr. Crichlow's report states "is simply not true." Objections, 9. The magistrate judge addressed these arguments in the R & R and rejected them, concluding that Dr. Crichlow's opinion evidence was "inconsistent with the objective medical evidence of record and [p]laintiff's own reports of his activities of daily living." R & R, 14-16. The Court is in complete agreement with the R & R on this issue.

For all of the foregoing reasons, plaintiff's third Objection is overruled.

### D. Plaintiff's Fourth Objection

Lastly, plaintiff objects to the ALJ's treatment of the VA's determination that plaintiff is 100-percent disabled due to his PTSD. Plaintiff raised this argument in his Request for Review, Request for Review, 11, and it was addressed in the R & R. The Court is in complete agreement with the R & R on this issue.

The Code of Federal Regulations provides:

> Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules. Therefore, in claims filed (see § 404.614) on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with § 404.1513(a)(1) through (4).

20 C.F.R. § 404.1504. Accordingly, the ALJ was only obligated to consider all of the supporting evidence underlying the VA's disability determination, not the VA's determination itself.

9

As the magistrate judge explained in the R & R, the ALJ satisfied this requirement. The ALJ acknowledged the VA's 100% disability rating of plaintiff and discussed the rating with reference to the medical evidence in the record. R. 24-25. She fully explained that she afforded limited weight to the VA's determination on the grounds that (1) the medical records relied on by the VA were created before plaintiff's alleged disability onset date, (2) plaintiff's more recent medical records demonstrated improvement in the time following the VA records, and (3) the VA employs a different standard for determining disability, which does not include a function-by-function assessment. *Id.*

The Court is in complete agreement with the R & R on this issue. Accordingly, plaintiff's fourth Objection is overruled.

V.  **CONCLUSION**

For the foregoing reasons, the R & R is approved and adopted, plaintiff's Objections are overruled, and plaintiff's Request for Review is denied.